[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the defendant's motion to cite in additional party defendants for purposes of apportionment.
On July 8, 1994, the plaintiff, David Walsh, as father of Gregory Walsh, a minor, filed a two-count complaint sounding in negligence and private nuisance against the defendant, South Central Connecticut Regional Water Authority. The plaintiff claims that his son, the minor plaintiff, was injured while sledding in the front yard of his residence as a result of CT Page 10748 colliding with a water meter post located in the yard.
On March 28, 1995, the defendant filed a motion to cite in the minor plaintiff's parents as additional party defendants. The defendant included a memorandum of law with its motion along with a proposed two-count apportionment complaint. The first count alleges negligent supervision, while the second count claims that the parents were responsible for the alleged private nuisance.
On April 7, 1995, the plaintiff filed an objection to the defendant's motion to cite in. The plaintiff included a memorandum of law with his objection. On May 22, 1995, the defendant filed a reply memorandum.
The defendant moves, pursuant to General Statutes §52-102 and § 52-572h, to cite in as additional party defendants, David and Barbara Walsh, the minor plaintiff's parents, for the purpose of apportioning liability. In opposition, the plaintiff argues that the defendant's motion should be denied based on the doctrine of parental immunity.
General Statutes § 52-102 provides in part that "[u]pon motion made by any party . . . the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune fromliability shall be made a defendant in the controversy."
(Emphasis added.) Also, General Statutes § 52-572h(c) provides in part that " [i]n a negligence action to recover damages resulting from personal injury . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, eachparty against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . ." (Emphasis added.)
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia, 234 Conn. 259, 263.
"[T]he doctrine of parental immunity is particularly applicable in the area of parental supervision and discretion with respect to the care and control of a minor child. . . . The CT Page 10749 supervision, care and instruction of one's child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. Also, different cultural, educational and financial conditions affect the manner in which different parents supervise their children." Id., 269.
Few exceptions to the parental immunity doctrine exist. Id., 265. Specifically, the parental immunity doctrine does "not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of the parent at a business enterprise located outside of the home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel; General Statutes § 52-572c; or (3) sexual abuse, sexual assault or sexual exploitation." Id., 265.
In the present case, the first count of the defendant's proposed apportionment complaint alleges negligent supervision, while the second count alleges that the parents were responsible for the alleged private nuisance. The allegations of neither count fall within the limited exceptions of the parental immunity doctrine. See id., 265.
Nevertheless, the defendant argues in its reply brief that (1) the minor plaintiff lacks standing to contest the defendant's motion to cite in, and (2) the doctrine of parental immunity does not bar a claim against parents of an injured minor for apportionment pursuant to General Statutes § 52-572h.
"Standing is the legal right to set judiciary machinery in motion. . . . [I]t is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Weidenbacher v. Duclos, 234 Conn. 51,62.
The defendant relies on Finley v. Tortora, 4 Conn. L. Rptr. CT Page 10750 402 (September 2, 1991) (Riddle, J.), in support of its claim that the minor plaintiff lacks standing to contest the defendant's motion. At issue in Finley, was "[t]he plaintiffs' motion to strike . . . [which arose] out of a negligence action brought by [the] plaintiffs Carol Finley on behalf of her minor son Justin Finley and Carol Finley individually." Id., 402. "The plaintiffs [sought] recovery for injuries Justin Finley received when he was allegedly thrown from [the] defendants' forklift machine. " Id. The defendants' impleaded Justin Finley's father seeking, inter alia, indemnification. Id. The "plaintiffs move[d] to strike [the] defendants' third-party complaint against [the] third-party defendant James Finley on the ground that the parental immunity doctrine bars the imposition of liability upon a father for negligent supervision of his child. Id. The court denied the plaintiffs' motion to strike on the ground that because "the third-party complaint is directed solely against [the] third-party defendant James Finley, [the] plaintiffs have no standing to bring their motion to strike. " Id., 403.
The case of Finley v. Tortora is distinguishable from the present case because it concerned indemnification, whereas the present case concerns apportionment. A party that is impleaded for indemnification is one that is or may be liable to thedefendant for all or part of the plaintiff's claim against him. In contrast, a party that is cited in for apportionment is one who is or may be liable to the plaintiff.
The minor plaintiff has standing in this case because his recovery would be adversely effected were his parents to be added as parties for apportionment purposes.
The defendant also argues that the doctrine of parental immunity does not bar a claim against the parents of an injured minor for apportionment pursuant to General Statutes § 52-572h.[1]
Based on the public policy expressed in §§ 52-102 and 52-572h(c) and the common law as reaffirmed in Squeglia v. Squeglia,
supra, the doctrine of parental immunity does bar citing in the parents for apportionment purposes in this case.
Accordingly, the defendant's motion to cite in additional party defendants for purposes of apportionment is denied. CT Page 10751